IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION (TOLEDO)

| | | |
|---|---|---|
| Andrea Latson, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. |
| Conair Corporation, | ) | Judge |
| Defendant. | ) | Magistrate Judge |

<u>NOTICE OF REMOVAL</u>

Defendant Conair Corporation ("Conair"), pursuant to 28 U.S.C. 1441, hereby files its Notice of Removal with the United States District Court for the Northern District of Ohio, Eastern Division (Toledo). As grounds for removal, Conair states as follows:

1. This action was commenced and is now pending in the Court of Common Pleas, Allen County, Ohio, Case No. CV 2021 0143 (the "State Court Action"). A true and correct copy of the docket of the State Court Action is attached hereto as Ex. 1.

2. This action was initiated by Andrea Latson ("Plaintiff"). A true and correct copy of the Complaint, filed May 17, 2021, is attached hereto as Ex. 2.

3. Plaintiff is a resident and citizen of the State of Ohio.

4. Conair is a corporation organized under the laws of the State of Delaware with its principal place of business in East Windsor, New Jersey. Conair is a citizen of the State of New Jersey.

5. This controversy is wholly between citizens of different states.

6.      Plaintiff has consented to an extension of time for Conair to move or plead in response to the Complaint.

7.      This Court, pursuant to the provisions of 28 U.S.C. 1332, has jurisdiction over this action because there is complete diversity of citizenship and because the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

8.      The United States Supreme Court has determined that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014). While "[t]he amount claimed by the plaintiff usually controls * * * the defendant can remove the case under 28 U.S.C. 1441(a) if it is shown that the amount in controversy is 'more likely than not' above $75,000.00." *Hampton v. Safeco Ins. Co.*, 614 F.App'x 321, 323 (6th Cir. 2015).

9.      Plaintiff's claim against Conair is for product liability.

10.     Plaintiff seeks damages in the amount in excess of $25,000.00. (See Compl.). The true damages sought by Plaintiff more likely than not exceed $75,000.00.

11.     This Notice is filed pursuant to 28 U.S.C. 1441 within the time limits prescribed by 28 U.S.C. 1446(b) and (c).

12.     McCarty will give written notice of the filing of this Notice of Removal as required by 28 U.S.C. 1446(d).

WHEREFORE, Conair provides notice that this action is removed to the United States District Court for the Northern District of Ohio, Western Division (Toledo), pursuant to 28 U.S.C. 1441 and 1446, and that the Court of Common Pleas, Allen County, Ohio shall proceed no further unless this case is remanded.

Respectfully submitted,

*/s/ Matthew L. Schrader*

_____

Matthew L. Schrader (0074230)
(Trial Attorney)
Reminger Co., L.P.A.
200 Civic Center Drive, Suite 800
Columbus, OH 43235
Tel: (614) 232-2631
Fax: (614) 232-2410
mschrader@reminger.com

Counsel for Defendant

<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and correct copy of the foregoing was served upon:

M. Shawn Dingus, Esq.
Adam Z. Morris, Esq.
sdingus@dinguslaw.com
amorris@dinguslaw.com

Counsel for Plaintiff

On the 18th day of June, 2021 via electronic mail.

*/s/ Matthew L. Schrader*

_____

Matthew L. Schrader (0074230)
(Trial Attorney)

**EXHIBIT 1**

# CV 2021 0143 LATSON, ANDREA vs. CONAIR CORPORATION TLK

---

Case Type:
CIVIL

Case Status:
Open

File Date:
05/17/2021

DCM Track:


Action:
OTHER TORTS

Status Date:
05/17/2021

Case Judge:
KOHLRIESER, TERRI L

Next Event:


---

**All Information** | **Party** | **Docket** | **Financial** | **Receipt** | **Disposition**

## Docket Information

| Date | Docket Text | Amount Owed |
|---|---|---|
| 05/17/2021 | COMPLAINT FOR INJURIES FILED<br>M SHAWN DINGUS (Attorney) on behalf of ANDREA LATSON (Plaintiff) | $25.00 |
| 05/17/2021 | DEPOSIT  Receipt: 596205  Date: 05/17/2021 | $173.00 |
| 05/17/2021 | FEES PAID PURSUANT TO ORC 2303.201C  Receipt: 596205  Date: 05/17/2021 | $26.00 |
| 05/17/2021 | COST FOR COMPUTER FEE 2303.201B1  Receipt: 596205  Date: 05/17/2021 | $20.00 |
| 05/17/2021 | COMPUTERIZED RESEARCH FEE ORC 2303.201A1  Receipt: 596205  Date: 05/17/2021 | $6.00 |
| 05/17/2021 | CV GEN'L SPL PROJECTS FUND  Receipt: 596205  Date: 05/17/2021 | $100.00 |

| **Date** | **Docket Text** | **Amount Owed** |
|---|---|---|
| 05/18/2021 | SUMMONS, COPY OF COMPLAINT | $3.00 |
| 05/18/2021 | Issue Date:  05/18/2021<br>Service:  SUMMONS ON COMPLAINT<br>Method:  CERTIFIED MAIL (TRACKING NUMBER IMAGED)<br>Cost Per:  $10.00<br><br>CONAIR CORPORATION<br>C/O CT CORPORATION SYSTEM<br>4400 EASTON COMMONS WAY  STE 125<br>COLUMBUS, OH   43219<br>Tracking No: 7104223016901123448 | $10.00 |
| 05/24/2021 | ELECTRONIC RETURN FILED SIGNED: DANIEL D KEVEY FOR CONAIE CORPORATION C/O CT CORPORATION SYSTEM 4400 EASTON COMMONS WAY STE 125 COLUMBUS OH  DATE: 05/21/2021 | $0.00 |

# EXHIBIT 2

FILED
COMMON PLEAS COURT

## IN THE ALLEN COUNTY COURT OF COMMON PLEAS

2021 MAY 17 AM 8: 43

MARGIE MURPHY MILLER
CLERK OF COURTS
ALLEN COUNTY OHIO

**ANDREA LATSON**
935 Van Ness Avenue
Lima, Ohio 45804

        Plaintiff

v.

**CONAIR CORPORATION**
c/o CT Corporation System
4400 Easton Commons Way, Suite 125
Columbus, Ohio 43219

        Defendant

Case No.: **CV 2021 0143**

Judge: **KOHLRIESER**

## COMPLAINT
### (Jury Demand Endorsed Hereon)

## COUNT 1 – DEFECTIVE PRODUCT IN MANUFACTURE (ORC §2307.74, *et. seq.*)

    1)    Defendant Conair Corporation (Conair) is a corporation that manufactures, sells and supplies personal care and commercial products, including hair dryers, to the general public and professional cosmetologists in Ohio.

    2)    At all times herein mentioned, Conair manufactured and offered for sale a product identified as a "Conair Pro Yellow Bird Hair Dryer" (Hair Dryer), which was purchased by Plaintiff, Andrea Latson (Plaintiff), in 2018 in Ohio.

    3)    On May 23, 2019, Plaintiff was using the Hair Dryer in an appropriate manner and for its intended purpose while working as a cosmetologist at her home in Lima, Ohio when it malfunctioned and overheated, which caused a portion of the plastic components to the Hair Dryer to melt and for the product to separate, exposing the inner mechanical parts of the product. The malfunctioning of the Hair Dryer in turn caused Plaintiff to suffer severe burns to her hand and arm and to suffer injury from an open electrical current.

    4)    Pursuant to Ohio Revised Code §2307.74, *et. seq*, the Hair Dryer was defective in its manufacture or construction when it left Conair's control as it deviated in a material way from its design specifications or from otherwise identical products manufactured to the same design specifications.

5) As a direct and proximate result of the defective manufacture or construction of the Hair Dryer, Plaintiff suffered bodily injury. She has incurred reasonable and necessary medical expenses for treatment of said injuries, and will continue to incur such expenses in the future. She has suffered a loss of income and will continue to incur such loss in the future. She has experienced pain and suffering of body and mind and will continue to experience pain and suffering in the future. She has suffered a loss of enjoyment of life, which is ongoing. Her injuries, or a portion thereof, are permanent.

## COUNT 2 – DEFECTIVE DESIGN (ORC §2307.75, *et. seq.)*

6) Plaintiff incorporates all prior averments of the complaint is a fully rewritten herein and further avers that the Hair Dryer was defective its design when it left Conair's control pursuant to Ohio Revised Code §2307.75. The foreseeable risks associated with its design exceeded the benefits associated with the design.

7) As a direct and proximate result of the defective design of the Hair Dryer, Plaintiff suffered bodily injury. She has incurred reasonable and necessary medical expenses for treatment of said injuries, and will continue to incur such expenses in the future. She has suffered a loss of income and will continue to incur such loss in the future. She has experienced pain and suffering of body and mind and will continue to experience pain and suffering in the future. She has suffered a loss of enjoyment of life, which is ongoing. Her injuries, or a portion thereof, are permanent.

## COUNT 3 – DEFECTIVE PRODUCT – FAILURE TO WARN (ORC §2307.76, *et. seq.)*

8) Plaintiff incorporates the averments previously made and further avers that the Hair Dryer was defective in that Conair failed to adequately warn consumers of the danger inherent with its design and in that it failed to adequately instruct consumers as to its appropriate use pursuant to Ohio Revised Code §2307.76. Conair knew, or in the exercise of reasonable care, should have known of a risk associated with the Hair Dryer and it failed to provide warning or instruction concerning that risk to consumers.

9) As a direct and proximate result of Conair's failure to warn Plaintiff of the risks associated with the Hair Dryer, Plaintiff suffered bodily injury. She has incurred reasonable and necessary medical expenses for treatment of said injuries, and will continue to incur such expenses in the future. She has suffered a loss of income and will continue to incur such loss in the future. She has experienced pain and suffering of body and mind and will continue to experience pain and

suffering in the future. She has suffered a loss of enjoyment of life, which is ongoing. Her injuries, or a portion thereof, are permanent.

## COUNT 4 –DEFECTIVE PRODUCT – DEFECT DUE TO NONCORFMANCE WITH REPRESENTATION (ORC§2307.77, *et. seq.*)

10)     Plaintiff incorporates the averments previously made and further avers that the Hair Dryer was defective when if left Conair's control as it did not conform to a representation made by Conair relating to its usage pursuant to Ohio Revised Code §2307.77.

11)     As a direct and proximate result of the Hair Dryer's nonconformance to representations made by Conair, Plaintiff suffered bodily injury. She has incurred reasonable and necessary medical expenses for treatment of said injuries, and will continue to incur such expenses in the future. She has suffered a loss of income and will continue to incur such loss in the future. She has experienced pain and suffering of body and mind and will continue to experience pain and suffering in the future. She has suffered a loss of enjoyment of life, which is ongoing. Her injuries, or a portion thereof, are permanent.

WHEREFORE, Plaintiff, Andrea Latson, demands judgment against Defendant Conair Corporation for an amount in excess of $25,000.00, plus her costs and interest from the date of the subject incident.

Respectfully submitted,

**PLYMALE & DINGUS, LLC**

M. Shawn Dingus (0070201)
Adam Z. Morris (0096754)
136 West Mound Street, Suite 100
Columbus, Ohio 43215
Phone: (614) 542-0220
Fax:    (614) 542-0230
Email: sdingus@dinguslaw.com
         amorris@dinguslaw.com
*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff demands trial by jury of eight (8).

Respectfully Submitted,

M. Shawn Dingus (0070201)
Adam Z. Morris (0096754)